IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

CHARDONNAY HOPE,

Plaintiff,

v. Case No. 7:25-cv-510

FERRUM COLLEGE,

Defendant.

**RULE 26(f) JOINT DISCOVERY PLAN**

In accordance with FRCP 26(f), the parties met via teleconference on January 20, 2026, and by their respective counsel, submit the following as their report and discovery plan:

1. Statement of Claims and Defenses: Counsel have discussed the nature of and basis for their respective claims.

2. Settlement: The parties discussed the possibility for prompt settlement or resolution of the case. A resolution was not reached, but parties agreed to continue to evaluate the possibility for settlement as the case progresses.

3. Rule 26(a)(1) Initial Disclosures: The parties agree, given the pendency of Defendant's Rule 12(b)(6) Motion to Dismiss, initial disclosures shall be exchanged within 30 days of entry of the Court's Scheduling Order.

4. Discovery: Counsel agreed that the subjects on which discovery may be needed include, but are not necessarily limited to, the following: (a) the allegations made in Plaintiff's Complaint and (b) any defenses later asserted within Defendant's Answer, in addition to the exchange of written discovery requests and depositions of the parties and their identified experts. The parties note that expert disclosures may depend upon the date of trial; but propose the

following disclosure deadlines: Plaintiff's specially retained expert disclosures due 140 days before trial, Defendant's specially retained expert disclosures due 100 days before trial, and any rebuttal expert disclosures due 90 days before trial.

5. Production of Electronically Stored Information: There are no issues related to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced. Electronically stored information will be printed and/or placed in .pdf format and produced either on a CD disk, thumb drive, Sharefile or in hard copy. If either party requests documents or electronically stored information in native format, or a specific format other than how provided, the parties have agreed to meet and confer to determine a format that is reasonably usable.

6. Claims of Privilege, Protection of Trial Preparation Material and Protection of Confidential Information: There are no anticipated issues regarding claims of privilege or of protection as trial-preparation materials. All parties will adhere to the requirements set forth in Fed. R. Civ. P. 26 with respect to discovery objections, privilege logs, and withholding of information under claims of privilege or of protection as trial-preparation materials. The parties have agreed that communications by or from counsel, and the parties' work product and trial preparation materials generated in anticipation of litigation, after the date of filing of the complaint, need not be disclosed on a privilege log, but that all other documents, communications or information withheld pursuant to claims of privilege, work product, trial preparation or other applicable privilege will be identified in a Privilege Log to be served with each party's responses to discovery. Because the Parties to this case or third parties may be required to produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work

product protection, and in order to permit discovery to proceed without delay and avoid possible disputes regarding the privileged or protected nature of such information, Federal Rule of Evidence 502 shall apply to the litigation of this case. At this time, the Parties anticipate that confidential information will be exchanged that would require the entry of a Rule 502 Order. To this end, the parties will request the entry of a Proposed Rule 502 Order.

7. Discovery Limitations: The parties do not believe that any changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure, this Court's later entered Scheduling Order, or the Local Rules of the Western District of Virginia. The parties will confer with the court about the number of depositions and the scope of discovery.

8. Assignment to Magistrate Judge: The parties have discussed and will later inform the court if they consent to mediation before a United States Magistrate Judge. The parties do not now consent to trial before a United States Magistrate Judge.

**FERRUM COLLEGE**

By Counsel

/s/ Patrick R. Kelly
Melissa Y. York (VSB No. 77493)
Patrick R. Kelly (VSB No. 73662)
Counsel for Ferrum College
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
myork@hccw.com
pkelly@hccw.com

**CHARDONNAY HOPE**

By Counsel

/s/ Joshua Erlich
Joshua Erlich (VSB No. 81298)
The Erlich Law Office, PLLC
1550 Wilson Boulevard, Suite 700
Arlington, VA 22209
703-791-9087 – Phone
703-722-8114 – Fax
jerlich@erlichlawoffice.com

/s/ Thomas Newkirk
Thomas Newkirk, Esq. (*Pro hac vice,* IA Bar No. AT0005791)
Myles D. Young (*Pro hac vice)*
Newkirk Zwagerman, P.L.C.
3900 Ingersoll Ave, Suite 201
Des Moines, IA 50312
515-883-2000 – Phone
515-883-2004 – Fax
tnewkirk@newkirklaw.com
myoung@newkirklaw.com

**CERTIFICATE**

I hereby certify that on the 26th day of January, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Joshua Erlich (VSB No. 81298)
The Erlich Law Office, PLLC
1550 Wilson Boulevard, Suite 700
Arlington, VA 22209
703-791-9087 – Phone
703-722-8114 – Fax
jerlich@erlichlawoffice.com

Thomas Newkirk, Esq. (*Pro hac vice,* IA Bar No. AT0005791)
Myles D. Young (*Pro hac vice)*
Newkirk Zwagerman, P.L.C.
3900 Ingersoll Ave, Suite 201
Des Moines, IA 50312
515-883-2000 – Phone
515-883-2004 – Fax
tnewkirk@newkirklaw.com
myoung@newkirklaw.com

s/Patrick R. Kelly